# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 18-0831** (Berkeley County CC-02-2017-F-275)

**Michael Buracker,**
**Defendant Below, Petitioner**

**FILED**

**January 17, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Michael Buracker, by counsel Robert C. Stone Jr., appeals the Circuit Court of Berkeley County's September 4, 2018, order sentencing him to an effective term of two to ten years of incarceration following the entry of his guilty plea to two counts of conspiracy to deliver heroin. The State of West Virginia, by counsel Betsy L. Stewart, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in sentencing him to consecutive, rather than concurrent, prison sentences. Petitioner also argues that he should have only been charged with one count of conspiracy instead of two.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 15, 2017, a confidential informant approached petitioner, a former Berkeley County Sheriff's Deputy, and asked to purchase heroin.[1] The confidential informant proceeded to petitioner's apartment, and petitioner's girlfriend drove petitioner and the informant to another location where petitioner purchased heroin. The parties returned to petitioner's apartment where he repackaged the heroin and sold a small amount to the informant. On March 20, 2017, the confidential informant contacted petitioner a second time, again requesting to purchase heroin.

---

[1]Petitioner had resigned from his position as a deputy a few years prior to the underlying crime.

1

Petitioner drove the informant to another location where he purchased heroin and then sold a small amount to the informant. The confidential informant contacted petitioner for the last time on March 22, 2017, requesting heroin. Much like the first transaction, petitioner's girlfriend drove petitioner and the informant to another location where petitioner purchased the heroin, repackaged it, and then sold a small amount to the informant. In October of 2017, the Berkeley County Grand Jury returned a five-count indictment against petitioner charging him with three counts of delivery of heroin and two counts of conspiracy to deliver heroin.[2]

Petitioner entered into a plea agreement on May 25, 2018, whereby he agreed to plead guilty to the two counts of conspiracy to deliver heroin in exchange for the State's agreement to dismiss the remaining charges in the indictment. The agreement specified that the parties would be free to argue for any lawful sentence, although the State agreed not to argue specifically for either concurrent or consecutive sentencing. At petitioner's plea hearing, the circuit court engaged petitioner in an extensive plea colloquy to ensure that he was aware of his rights, aware of what rights he was forfeiting by pleading guilty, and that he desired to enter a guilty plea. Ultimately, the circuit court accepted petitioner's guilty plea to two counts of conspiracy to deliver heroin.

Petitioner's sentencing hearing was held on August 20, 2018. Petitioner and his counsel confirmed that they had been provided a copy of the presentence investigation report, to which they made no objections or corrections. In the report, it was noted that petitioner had provided a drug screen that was positive for norfentanyl in April of 2018. All other drug screens throughout the proceedings were negative. The State argued that the circuit court should sentence petitioner to incarceration, especially given his knowledge of the impact drugs have on a community since he was once a deputy. Petitioner presented the testimony of his father, who testified that petitioner had been given a "wake-up call." Following his arrest, petitioner's father indicated that he practiced "tough love" by letting petitioner remain in jail before later helping him gain entrance to a thirty-day treatment program. Petitioner's father testified that he saw petitioner accept responsibility for his actions, begin attending church, obtain a job, seek out contact with his own son, and many other positive things following his arrest. According to petitioner's father, petitioner would be successful if granted probation. Petitioner also expressed remorse for his actions and stated that he turned his life around. Counsel for petitioner argued that, given these positive factors, petitioner should be granted alternative sentencing such as probation, rather than incarceration. The circuit court read into the record portions of two impact statements by law enforcement officers, who requested that petitioner be incarcerated. The officers noted that petitioner "once wore a shield and swore an oath to protect as deputy sheriff. He has since violate[d] the trust of the public while selling drugs in our community." The officers further claimed that petitioner did not "deserve any breaks in this matter."

---

[2]Petitioner was initially arrested in May of 2017. In exchange for waiving his preliminary hearing, petitioner obtained a favorable bond reduction and the opportunity to participate in a thirty-day inpatient drug treatment program. Throughout the proceedings, petitioner also submitted to the Day Report Center for drug testing.

In reaching its decision, the circuit court noted petitioner's former employment as a deputy and expressed concern that he was delivering heroin to the community. The court noted, "[i]t's not just using. It's not just sharing. It is participating in promoting the drug culture that is literally killing people in our community." The circuit court further found that petitioner took advantage of the community's trust. The circuit court denied petitioner's request for probation, noting that, although petitioner participated in an inpatient treatment program, it was insufficient to combat his addiction as shown by his positive drug screen only five months after having completed treatment. Given these factors, the circuit court sentenced petitioner to consecutive sentences of not less than one year nor more than five years of incarceration for each of his conspiracy convictions. Petitioner's sentences were memorialized in the circuit court's September 4, 2018, sentencing order, and it is from this order that he appeals.

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002). We have also held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review."[3] Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

On appeal, petitioner argues that the circuit court erred in sentencing him to consecutive, rather than concurrent, sentences.[4] According to petitioner, several factors existed to support this

---

[3]It is undisputed that petitioner's sentences were within statutory limits.

[4]In support of his claim, petitioner contends that, because the penalties for testing positive for drugs while on probation are sixty and 120 days of confinement for the first and second violation, respectively, it appears to be an abuse of discretion and contrary to legislative intent to impose a significant penitentiary sentence upon those who test positive for drugs. However, petitioner cites to no authority in support of this argument. Moreover, petitioner was not sentenced to terms of incarceration because he tested positive for drugs, but because he pled guilty to two counts of conspiracy to deliver heroin in violation of West Virginia Code § 61-10-31, which sets forth that

> [a]ny person who violates the provisions of this section by conspiring to commit an offense against the State which is a felony, or by conspiring to defraud the State, the state or any county board of education, or any county or municipality of the State, shall be guilty of a felony, and, upon conviction thereof, shall be punished by imprisonment in the penitentiary for not less than one nor more than five years or by a fine of not more than ten thousand dollars, or, in the discretion of the court, by both such confinement and fine.

Accordingly, it is clear that petitioner's sentences were within the statutory limits created by the legislature and, therefore, we find no merit in petitioner's argument.

leniency. Petitioner contends that he was simply a "user" and not a dealer. The facts demonstrate that each time the confidential informant requested heroin petitioner had to travel to another location to obtain the substance. As such, it is clear that petitioner was essentially complying only with the informant's request to feed his own habit. Further, petitioner notes that the amounts of heroin sold were small. Petitioner also points out that he successfully completed a drug treatment program. Based on these factors, petitioner avers that he should have been sentenced to concurrent sentences.

We find no merit to petitioner's claim that the circuit court erred in sentencing him to consecutive sentences. We have previously held that

> "'"[w]hen a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively." Syllabus point 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979).' Syllabus Point 3, *State v. Allen*, 208 W.Va. 144, 539 S.E.2d 87 (1999)." Syl. Pt. 7, *State ex rel. Farmer v. McBride*, 224 W.Va. 469, 686 S.E.2d 609 (2009).

Syl. Pt. 4, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016). As such, it was entirely within the circuit court's discretion to order that petitioner's sentences run concurrently. However, the circuit court decided to order that the sentences run consecutively based on a number of factors. The circuit court noted petitioner's prior employment as a deputy and the fact that he took advantage of the community's trust by delivering heroin. Contrary to petitioner's claims, the circuit court found that he was not just "using" or "sharing," but was promoting a drug culture that was killing members of the community. The circuit court also considered the impact statements filed by two law enforcement officers, both of whom requested that petitioner be sentenced to incarceration and be afforded no "breaks" in this matter. Further, it was noted that, although petitioner completed a thirty-day treatment program, he tested positive for norfentanyl only five months later.[5] Based upon these considerations, the circuit court concluded that

---

[5]To the extent that petitioner challenges the validity of his positive drug screen, we find no merit to his argument. It is clear that petitioner never raised any issue with the substance of his presentence investigation report below, including the positive drug screen. Indeed, petitioner's counsel advised the circuit court that he "had an opportunity to review the presentence investigation report, the PSI, with my client. There's no omissions or corrections, your Honor." While petitioner claims that his counsel could not have objected to the presentence investigation report without seeing the test results, petitioner clearly could have indicated to his counsel his belief that the results were erroneous and provided a timely objection or requested more time to review the results. Moreover, petitioner raises, for the first time, an argument regarding "cross contamination" that is entirely speculative and without any proper support. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679

(continued . . .)

petitioner was unlikely to be successful on probation and determined that consecutive sentences were warranted in this matter. Accordingly, we find no abuse of discretion in the circuit court's decision to sentence petitioner to consecutive sentences.

Petitioner also argues that he should not have been indicted on two counts of conspiracy to deliver heroin when the facts demonstrate only one instance of conspiracy. Petitioner correctly notes that "[t]he double jeopardy clause of the Fifth Amendment prohibits the prosecution of a single conspiracy as two or more conspiracies under a general conspiracy statute merely because two separate substantive crimes have been committed." Syl. Pt. 7, *State v. Johnson*, 179 W. Va. 619, 371 S.E.2d 340 (1988). According to petitioner, the two conspiracy counts charged in the indictment involve the same defendants, the same activity, the same substance, and the same informant. As such, there can be only one conspiracy and by charging him with two counts of conspiracy, petitioner claims that his right against double jeopardy was violated. We disagree.

Petitioner failed to raise any objection to the crimes charged in the indictment. In fact, petitioner knowingly and intelligently pled guilty to the two counts of conspiracy to deliver heroin. We have previously established that

> "Rule 12(b)(2) of the West Virginia Rules of Criminal Procedure requires that a defendant must raise any objection to an indictment prior to trial. Although a challenge to a defective indictment is never waived, this Court literally will construe an indictment in favor of validity where a defendant fails timely to challenge its sufficiency. Without objection, the indictment should be upheld unless it is so defective that it does not, by any reasonable construction, charge an offense under West Virginia law or for which the defendant was convicted." Syl. Pt. 1, *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996).

Syl. Pt. 3, *State ex rel. Thompson v. Watkins*, 200 W. Va. 214, 488 S.E.2d 894 (1997). We cannot find that the indictment was so defective that it does not charge an offense for which petitioner was convicted. In syllabus point 8 of *Johnson*, this Court stated:

> The following factors are normally considered under a totality of circumstances test to determine whether one or two conspiracies are involved: (1) time; (2) persons acting as co-conspirators; (3) the statutory offenses charged in the indictments; (4) the overt acts charged by the government or any other description of the offenses charged which indicate the nature and the scope of the activity which the government sought to punish in each case; and (5) places where the events alleged as part of the conspiracy took place. These factors are guidelines only. The essence of the determination is whether there is one agreement to commit two crimes, or more than one agreement, each with a separate object.

---

S.E.2d 650, 653 (2009). Accordingly, we find that petitioner is entitled to no relief in this regard.

179 W. Va. at 622, 371 S.E.2d at 343. Contrary to petitioner's claims, the record contains no evidence to suggest that petitioner and the confidential informant made only one agreement to purchase drugs over the course of several days. Rather, the informant called petitioner on March 15, 2017, and then nearly a week later, on March 20, 2017, two distinct times, in order to purchase drugs. Each time, petitioner traveled to another location to obtain drugs for the confidential informant. When construed in favor of validity of the indictment, the evidence is sufficient to prove that, on at least two occasions, on two different days, two separate conspiracies occurred and resulted in two distinct drug sale transactions. For these reasons, we conclude petitioner and the confidential informant made two separate agreements to deliver heroin. As such, no error occurred in charging petitioner with two separate counts of conspiracy.

For the foregoing reasons, the circuit court's September 4, 2018, sentencing order is hereby affirmed.

Affirmed.

**ISSUED:** January 17, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison